IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRANK KENNEBREW,

            Plaintiff,

      v.

COBB COUNTY SCHOOL
DISTRICT,

            Defendant.

CIVIL ACTION FILE NO.

1:15-cv-02495-RWS-CMS

**NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Original Complaint (Doc. 6), Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 11), and Plaintiff's Motion for Leave of Court to Add a Paragraph to his Previously Amended Complaint (Doc. 14).

## I.  BACKGROUND

In late June 2013, Plaintiff Frank Kennebrew ("Plaintiff"), an African-American male in his sixties, applied and interviewed for a special education position at Campbell Middle School, in the Cobb County School District (the "School District"), Cobb County, Georgia.  According to Plaintiff, there were three open positions at the time he applied.  (Doc. 8, Am. Compl.).  Plaintiff interviewed with a panel of four

Caucasian females.  (Id. ¶ 11).  Plaintiff was not selected for recommendation for employment at Campbell Middle School.  (Doc. 8-1 at 12).  In a letter dated June 26, 2013, the principal of Campbell Middle School thanked Plaintiff for taking the time to interview for a teaching position at Campbell, shared that the school had been fortunate to have "many qualified applicants for our position," notified Plaintiff of the school's decision not to offer him employment, and stated that the School District would keep his application on file for one year in the event he wished to apply for other positions.  (Id.).

Through a series of open record requests, Plaintiff later learned that the successful applicants for the position(s) for which Plaintiff had applied included three significantly younger and less qualified females, including a 40-year-old African-American female, a 28-year-old African-American female, and a 25-year-old Caucasian female.  According to Plaintiff, none of the successful applicants had any prior teaching experience.  (Am. Compl. ¶ 26; Doc. 8-1 at 19).

On or about December 16, 2013, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Doc. 8-1 at 2).  On or about February 19, 2014, the EEOC sent Cobb County written notice that Plaintiff had filed a charge of discrimination, Charge No. 410-2014-01254.

(Am. Compl. ¶ 46; Doc. 6-5 at 1).  Defendant has filed with the Court as an exhibit to its initial motion to dismiss an EEOC Form 5 Charge of Discrimination for Charge No. 410-2014-01254 that appears to have been signed by Plaintiff on August 12, 2014. (Am. Compl. ¶ 47; Doc. 6-4 at 1 ["Plaintiff's EEOC Charge"]).  Plaintiff's EEOC Charge alleges that he applied for a special education teacher position with the School District, and was informed by the school's principal that he was not selected for the position.  Plaintiff further alleges that no reason was given for not selecting him for the position.  Paragraph three of Plaintiff's EEOC Charge asserts that Plaintiff believes he has been discriminated against on the bases of race, sex and age, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII")  and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").  (Doc. 6-4 at 1). The EEOC issued a Notice of Right to Sue to Plaintiff on or about April 14, 2015. (Am. Compl. ¶ 48; Doc. 8-2 at 1).

On July 13, 2015, Plaintiff filed his original complaint in this court against Defendant Cobb County School District ("Defendant"), alleging that the Defendant failed to hire him due to unlawful employment discrimination on the bases of sex and race, in violation of Title VII, race discrimination under 42 U.S.C. § 1981, and age discrimination, in violation of the ADEA.  (Doc. 1, Compl.).

On November 25, 2015, Defendant filed a Rule 12(b)(6) motion to dismiss, seeking dismissal with prejudice of Plaintiff's complaint on three grounds: (1) Plaintiff's ADEA, Title VII and Section 1981 claims were untimely; (2) the School District was a state actor, and therefore Plaintiff was barred from asserting a Section 1981 claim against it; and (3) Plaintiff had failed to state a valid claim under any of the referenced statutes because his complaint failed to plead an essential element of his claims -- namely, that someone outside his protected class received the position or positions that he had applied for.  (Doc. 6-1).

On December 14, 2015, Plaintiff filed a response in opposition to Defendant's motion to dismiss (Doc. 7, Pl.'s Resp.), and also an amended complaint (Doc. 8, Am. Compl.) in an apparent effort to address at least some of the deficiencies that Defendant had pointed out in its motion to dismiss.  Among other changes, Plaintiff's Amended Complaint amended Plaintiff's Section 1981 claim to assert the claim pursuant to 42 U.S.C. § 1983, and added a paragraph identifying the race, gender, and years of teaching experience of the three individuals who were selected for the positions for which Plaintiff had applied.  (Am. Compl. ¶¶ 2, 26, 36).  Plaintiff also added a paragraph alleging that each individual selected was outside of one or more of Plaintiff's protected classes, and a paragraph alleging that the school had contacted

the selected applicants' references, whereas Plaintiff's references were never contacted.  (Id. ¶¶ 27, 28).  Plaintiff also added paragraphs to clarify the process that he went through filing his EEOC Charge of Discrimination.  (Id. ¶¶ 44-48).

On December 23, 2015, Defendant filed a Partial Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 11).  Defendant's Partial Motion to Dismiss asks the Court to dismiss Plaintiff's Title VII and Section 1983 claims on the following bases: (1) Plaintiff's Amended Complaint again fails to plead an essential element of the claims asserted -- i.e., that someone outside of Plaintiff's protected class received all of the open positions; and (2) there are no allegations in Plaintiff's Amended Complaint that the School District had a policy, practice, or custom of discriminating against individuals because of their race, or facts that would support an inference of such a claim.

## II.  DISCUSSION

### A.  Defendant's Original Motion to Dismiss (Doc. 6)

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B).  As noted above, Defendant filed its original motion to

dismiss on November 25, 2015.  (Doc. 6).  Plaintiff timely filed an amended complaint (Doc. 8, Am. Compl.), as a matter of course, on December 14, 2015.  Fed. R. Civ. P. 6(a), (d).

As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."  Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation marks omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").  "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint."  Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009).

Here, Defendant's motion to dismiss Plaintiff's original complaint has been rendered moot by the timely filing of Plaintiff's Amended Complaint.  See Cordell v. Pacific Indem., No. 4:05-CV-167-RLV, 2006 WL 1935644, at *4 (N.D. Ga. July 11, 2006) (dismissing as moot defendants' motion for partial summary judgment which was filed prior to the filing of plaintiff's second amended complaint).  Accordingly, I **RECOMMEND** that Defendant's original Motion to Dismiss Plaintiff's Complaint

(Doc. 6) be **DENIED AS MOOT** because the motion is directed to the original complaint which no longer is the operative pleading before the Court.  See Bradley v. DeKalb County, Ga., No. 1:10-CV-0218-TWT-GGB, 2010 WL 4639240, at *2 (N.D. Ga. May 17, 2010), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov. 4, 2010); see also ATK Thiokol, Inc. v. United States, 76 Fed. Cl. 654, 664 (2007) (denying as moot the government's motion to dismiss plaintiff's first amended complaint upon granting motion for leave to file second amended complaint).

## B.      Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint

As noted above, Defendant has also filed a Partial Motion to Dismiss Plaintiff's Amended Complaint, seeking dismissal of Plaintiff's race discrimination claims under both Title VII and Section 1983.  (Doc. 11, Partial Mot. to Dismiss).  Defendant again argues that Plaintiff has failed to plead an essential element of his race discrimination claims -- i.e., that someone outside his protected (racial) class received all of the open positions.  (Doc. 11-1 at 6).  Defendant further argues that Plaintiff's Section 1983 claim must be dismissed for the additional reason that Plaintiff has failed to allege that the School District had a policy, practice or custom of discriminating against applicants because of their race (or provided any facts from which the Court could infer that the Defendant had such a policy, practice, or custom).  (Id. at 9).

7

### 1.    Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. A chief purpose of a motion to dismiss is to "streamline litigation." See Neitzke v. Williams, 490 U.S. 319, 326 (1989).

On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. Securities & Exch. Comm'n v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) (internal quotation marks omitted)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (internal quotation marks, bracket, and citation omitted). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted)

### 2.      Plaintiff's Title VII Race Discrimination Claim

Plaintiff's Amended Complaint does not contain any discrete count asserting a claim of race discrimination under Title VII.  Rather, Plaintiff generally asserts in the fact section of his Amended Complaint "on information and belief" that Plaintiff suffered discriminatory treatment in his exclusion from selection for hiring based on his race.  (Am. Compl. ¶ 29).

Title VII makes it unlawful for an employer "to fail or refuse to hire ... any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race ...." 42 U.S.C. § 2000e-2(a)(1).    To state a valid claim of discriminatory failure-to-hire under Title VII, a plaintiff must allege and show that: (1) he was a member of a protected class; (2) he applied for and was qualified for an available position; (3) he was rejected; and (4) the defendant filled the position with a person outside the protected class.  See Walker v. Prudential Prop. and Cas. Ins. Co., 286 F.3d 1270, 1274-75 (11th Cir. 2002).

In Defendant's partial motion to dismiss Plaintiff's Title VII race discrimination claim, Defendant challenges the adequacy of Plaintiff's Amended Complaint. Defendant argues that Plaintiff has failed to plead an essential element of his Title VII

9

race discrimination claim -- i.e., that someone outside of Plaintiff's protected class received *all* of the open positions. (Doc. 11-1 at 6) (emphasis in original). Defendant argues that Plaintiff alleges and effectively admits in his Amended Complaint that two out of the three positions at issue in this lawsuit were filled with African-American applicants; only one position was filled with someone outside of Plaintiff's protected category. Defendant asserts that Plaintiff, therefore, has failed to satisfy the requirements to establish a prima facie case. (Id.).

In support of its argument, Defendant relies on two Northern District of Illinois cases. The first case concluded that where multiple candidates were hired as part of the same decision-making process, and at least some of those candidates were in the same protected class as the plaintiff, the plaintiff failed to create the necessary inference needed to suggest that discrimination was the motivating reason for the failure to hire. (Id. at 7, citing Lochard v. Provena Saint Joseph Medical Center, 367 F. Supp. 2d 1214, 1223 (N.D. Ill. 2005)). The second case held that the plaintiff had failed to establish a prima facie case of race discrimination in the termination context because the plaintiff, who was African American, failed to identify any similarly situated individual who was treated more favorably; the plaintiff conceded that two white employees were terminated by the same decision-maker as part of the same

decision-making process that led to the plaintiff's termination.  See Bilal v. Dietz, No. 03-CV-9253, 2006 WL 83445, at *6 (N.D. Ill. Jan. 10, 2006).

In response, Plaintiff argues that Defendant has fundamentally misstated Plaintiff's burden at the motion to dismiss stage, in that Defendant seeks dismissal based on its argument that Plaintiff has not established a prima facie case of race discrimination under the burden-shifting McDonnell Douglas framework, which is an evidentiary standard rather than a pleading standard.  The Court agrees.  In addition to being out of circuit cases, and therefore not binding authority, the cases Defendant cites were decisions in the context of motions for summary judgment, not motions to dismiss.  They are not directly applicable to the motion to dismiss currently before this court.

The United States Supreme Court and the Eleventh Circuit have rejected the notion that the failure to plead each element of a prima facie case in an employment complaint mandates dismissal at the Rule 12(b) stage.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 999 (2002) ("[W]e hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive respondent's motion to dismiss."); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("[A] Title VII complaint need not allege facts

sufficient to make out a classic *McDonnell Douglas* prima facie case"); <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (reiterating that "*McDonnell Douglas* was an *evidentiary* rather than a *pleading* standard" and that "pleading a *McDonnell Douglas* prima facie case [is] not necessary to survive a motion to dismiss") (italics in original); <u>see also</u> <u>Valentine v. Legendary Marine FWB, Inc.</u>, No. 3:09-cv-334/MCR/EMT, 2010 WL 1687738, at *4 (N.D. Fla. Apr. 26, 2010) ("It is not necessary to plead facts demonstrating a *prima facie* case of discrimination, which is an evidentiary standard, in order to withstand a motion to dismiss for failure to state a claim."); <u>Williams v. Aircraft Workers Worldwide, Inc.</u>, No. 09-0411-WS-M, 2010 WL 2943659, at *3 (S.D. Ala. July 22, 2010) (stating that the *McDonnell Douglas* analysis is properly performed only at the summary judgment stage, not the Rule 23(b) stage).

Even if Plaintiff were required to plead facts demonstrating a prima facie case of race discrimination, Plaintiff's Amended Complaint sufficiently alleges that Plaintiff is a member of a protected class, he applied for and was qualified for an available position; he was rejected; and the defendant filled the position with a person outside the protected class, namely a 25-year-old Caucasian female. <u>See</u> <u>Walker v. Prudential Prop. and Cas. Ins. Co.</u>, 286 F.3d 1270, 1274-75 (11th Cir. 2002).

AO 72A
(Rev.8/82)

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted).  The allegations in Plaintiff's Amended Complaint, although scant, provide fair notice of what Plaintiff's claim is and the grounds upon which it rests.  While Defendant's argument about Plaintiff's inability to establish an inference of race discrimination based on the facts he has alleged is facially persuasive on first blush, at this stage of the litigation, no discovery has been exchanged, and it is simply too early to determine whether Plaintiff will be able to establish a viable claim of race discrimination.  Accepting Plaintiff's facts as true and construing them in Plaintiff's favor, as the Court must on a motion to dismiss, I conclude that Plaintiff's Amended Complaint contains sufficient factual matter, accepted as true, to state a claim to relief for race discrimination under Title VII that is plausible on its face.

For the reasons stated, I RECOMMEND that Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's Title VII race discrimination claim be DENIED.

13

### 3.      Plaintiff's Race Discrimination Claim under §§ 1981 and 1983

"In the employment context, §§ 1981 and 1983 claims require the same elements of proof and involve the same analytical framework as Title VII claims." Brantley v. Muscogee County School Dist., 906 F. Supp. 2d 1307, 1327 (M.D. Ga. 2012) (quoting Bush v. Houston Cnty. Comm'n, 414 F. App'x 264, 266 (11th Cir. 2011) (per curiam); *accord* Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005) (per curiam)).  Therefore, to prevail on his claim, Plaintiff must allege and prove that the School District intentionally discriminated against him based on his race.  Id. (citing Vessels, 408 F.3d at 767).   In the failure-to-hire context, a plaintiff must allege and show that (1) he belonged to a protected class; (2) he was qualified for and applied for a position that the employer was seeking to fill; (3) despite his qualifications, he was rejected; and (4) the position was filled with an individual outside the protected class. Vessels, 408 F.3d at 768.

"[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."  Jett v. Dallas Independent School

14

District, 7 F.3d 1241, 1243 (5th Cir. 1993) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978)).  Thus, to prevail on his claim for damages against the School District, Plaintiff must allege and show that the violation of his "right to make contracts" protected by § 1981 was caused by a custom or official policy within the meaning of Monell and subsequent cases.  Id. at 1243-44 (citing Jett v. Dallas Independent School Dist., 491 U.S. 701, 735-36, 109 S. Ct. 2702, 2723 (1989)); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 128, 108 S. Ct. 915, 926 (1988) (stating that a municipality may be held liable under § 1981 only for official policies or customs).  Monell holds that local governments (and/or branches thereof) may be held liable only if such constitutional torts result (1) from an official government policy ("official policy" approach); (2) the actions of an official fairly deemed to represent government policy ("policymaker" approach); or (3) from a custom or practice so pervasive and well-settled that it assumes the force of law ("custom" approach).  See Denno v. School Bd. of Volusia County, Fla., 218 F.3d 1267, 1276 (11th Cir. 2000) (citing Monell, 436 U.S. 694, 98 S. Ct. at 2037-38).  In order for the actions of a government official to be deemed representative of the municipality, the acting official must be imbued with final policymaking authority.  Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299

AO 72A
(Rev.8/82)

(1986).  Municipalities and other governmental entities (such as school districts) cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation such that the government's deliberate conduct can be deemed the "moving force" behind the violation.  See Alman v. Reed, 703 F.3d 887, 903 (6th Cir. 2013) (citing Bryan Cnty. Bd. of Comm'rs v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382 (1997)).

In this case, Plaintiff has not alleged in his Amended Complaint that the Cobb County School District maintained any official policy or custom of discriminating against job applicants on the basis of race.  Nor has Plaintiff alleged or provided any factual basis to support an inference that the decisionmaker in Plaintiff's hiring decision possessed final authority to establish School District policy with respect to the actions complained of.  See Pembaur, 475 U.S. at 481, 106 S. Ct. at 1299.

I therefore conclude that Plaintiff's Amended Complaint lacks sufficient (or any) allegations of a municipal custom, practice, or policy of racial discrimination in hiring decisions.  The Amended Complaint also fails to state a cognizable claim under the "policymaker" approach or theory.  Accordingly, I RECOMMEND that Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's § 1981 race discrimination claim brought by and through § 1983 be GRANTED.

16

**C.     Plaintiff's Motion for Leave to Amend Amended Complaint**

In an effort to avoid Defendant's Rule 12(b)(6) partial motion to dismiss Plaintiff's § 1983 claim for failure to state a claim, Plaintiff seeks leave of Court to add the following paragraph to his Amended Complaint:

**18.5**

**Cobb County School District has an official policy, practice, or custom of selective preferencing and inaction to the disadvantage of African-American job applicants.**

(Doc. 14, Motion for Leave to Add a Paragraph to his Previously Amended Complaint; Doc. 14-1 at 1, Proposed Amendment Adding Paragraph to Amended Complaint) (emphasis added).

Defendant has filed a response in opposition to Plaintiff's motion for leave to add the paragraph to his Amended Complaint.  (Doc. 16).

As stated earlier, Rule 15 of the Federal Rules of Civil Procedure governs amendments to the pleadings.  The rule states, in pertinent part:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after

17

> service of a responsive pleading or 21 days after service of
> a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A) & (B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  In this case, Plaintiff has not obtained the opposing party's written consent to amend Plaintiff's Amended Complaint.  Therefore, the court's leave to amend is required.  "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted).  A claim is futile if it cannot withstand a motion to dismiss.  Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996); Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law"); Baldwin v. Rents, No. 1:05-CV-120 (WLS), 2007 WL 431008, at *1-2 (M.D. Ga. Feb. 2, 2007) (denying plaintiff's motion to amend because the amended 1983 claim would be futile).  The decision to grant or deny leave to amend rests in the sound discretion of the court.  See id.

I have reviewed Plaintiff's proposed additional paragraph and Plaintiff's Amended Complaint, and conclude that allowing Plaintiff to amend his Amended Complaint to include the proposed additional paragraph would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (stating that a district court need not allow an amendment where amendment would be futile); Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010), *adopted by* 2010 WL 4312878 (N.D. Ga. Oct. 21, 2010) (dismissing *pro se* complaint with prejudice where amendment would be futile); Kariguddaiah v. Wells Fargo Bank, N.A., No. C-09-5716-MHP, 2010 WL 2650492, at *3 (N.D. Cal. July 1, 2010) (finding leave to amend wrongful foreclosure claim, among other things, would be futile where "plaintiff has not identified any facts he could plead in a further amended complaint to overcome the noted fatal defects")).

As clarified in Iqbal/Twombly, in order to survive a motion to dismiss, a plaintiff must plead sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678. The Eleventh Circuit has adopted a two-pronged approach to applying the pleading principles announced in Iqbal/Twombly. First, a court must "eliminate any allegations in the complaint that are merely legal conclusions,"

unsupported by factual allegations.  <u>American Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010).   Second, "where there are well-pleaded allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  <u>Id.</u>

Factual allegations that do not permit a reasonable inference beyond "the mere possibility of misconduct" are insufficient under Rule 8(a)(2).  <u>See</u> <u>Iqbal</u>, 556 U.S. at 679.  Instead, a complaint must present a factual narrative that is plausible enough to demonstrate a reasonable chance that the plaintiff can substantiate his or her claims. <u>Id.</u>; <u>see also</u> <u>Randall v. Scott</u>, 610 F.3d 701, 709-10 (11th Cir. 2010).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955) (stating that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555 (internal quotation marks and brackets omitted).

Here, the paragraph that Plaintiff seeks leave to add to his Amended Complaint is nothing more than a "formulaic recitation" of one of the elements of a § 1983 cause

of action.  Even if the Court were to permit this addition, the factual allegations in Plaintiff's Amended Complaint would still not be sufficient "to raise a right to relief above the speculative level."  Id.  Because Plaintiff's proposed amendment would be futile, I RECOMMEND that Plaintiff's Motion for Leave of Court to Add a Paragraph to his Previously Amended Complaint (Doc. 14) be DENIED.

## III.   CONCLUSION

For the reasons stated, I **RECOMMEND** the following:

(1)   that Defendant's Motion to Dismiss (Doc. 6) Plaintiff's original complaint be **DENIED AS MOOT**;

(2)   that Defendant's Rule 12(b)(6) Partial Motion to Dismiss (Doc. 8) Plaintiff's Amended Complaint be **GRANTED IN PART and DENIED IN PART**; specifically, that Defendant's motion to dismiss Plaintiff's Title VII race discrimination claim be **DENIED**; but that Defendant's motion to dismiss be **GRANTED** as to Plaintiff's §§ 1981/1983 claim for race discrimination against the School District; and

21

(3)    that Plaintiff's Motion for Leave of Court to Add a

Paragraph to his Previously Amended Complaint (Doc. 14)

be **DENIED**.

**IT IS SO RECOMMENDED**, this 17th day of March, 2016.

_____

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

22